# IN THE COURT OF APPEALS OF IOWA

No. 24-0341
Filed June 18, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DERRICK DEONTE MOORE,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Ackley, Judge.

A defendant appeals his conviction for introduction of contraband into a correctional institution. **AFFIRMED.**

Ronald W. Kepford, Winterset, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., Buller, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**SCHUMACHER, Presiding Judge.**

Derrick Moore appeals his conviction for introduction of contraband into a correctional institution. Upon review, we affirm.

## I.      Background Facts & Proceedings

On October 10, 2023, the Dubuque County Drug Task Force used a confidential informant to conduct a controlled buy of ten fentanyl tablets from Moore. The confidential informant was strip searched before and after the controlled buy and was provided with $200 in cash for the purchase. Officers recorded the serial numbers on the cash for later identification. Officers monitored the controlled buy from undercover surveillance vehicles, one of which captured video footage of the buy. The video did not capture a clear view of any exchange of drugs and money, though.

After the buy, officers immediately performed a traffic stop on the vehicle containing Moore. Moore was in possession of the $200 with the recorded serial numbers. The confidential informant turned over ten blue "M30" tablets to the task force, all identical in appearance, which the informant said were received from Moore. Lab testing confirmed the M30 tablets contained fentanyl.

Officers arrested Moore for delivery of a controlled substance and initially had him sit, unrestrained, in the back seat of a squad car. Video footage from inside the squad car's back seat shows Moore reaching his finger and thumb into the small coin-pocket of his jeans, then reaching that same hand inside his groin area with tucking motions. After this footage was captured, Officers placed Moore in handcuffs, performed a pat-down search, and secured Moore in the back seat of the squad car.

Once inside the squad car, Moore removed a small bag of marijuana from the back of his pants and attempted to eat it. But officers caught Moore in the act. They removed Moore from the squad car and performed another, more thorough, pat-down search to determine whether Moore was hiding any more contraband. They recovered the saliva-soaked bag of marijuana and asked Moore whether he had any other contraband on him. Moore said no. He was then told that if he carried contraband into the correctional facility he would face an additional felony charge. Moore responded, "I don't give a fuck."

Officers transported Moore to the Dubuque County Jail's Law Center for booking. There, Deputy Devyn Hafer conducted a strip search in one of the center's fingerprinting rooms. Deputy Joseph Simpson was with Deputy Hafer that day for training purposes. Deputy Simpson did not enter the fingerprinting room with Deputy Hafer and Moore for the strip search, but he did wait outside of the room. Neither Deputy Simpson nor Deputy Hafer saw anything on the floor of the room before Deputy Hafer and Moore entered to conduct the search. The search consisted of Moore removing articles of clothing one-by-one and handing them to Deputy Hafer. Deputy Hafer searched through the clothing as Moore handed each piece to him. Deputy Hafer did not discover contraband. After Deputy Hafer completed the search and Moore got dressed, the two exited the room.

Immediately after Deputy Hafer and Moore left the room, Deputy Simpson went in to retrieve documentation. As he entered the fingerprinting room, Deputy Simpson saw a small, blue M30 tablet on the floor inside. Deputy Simpson notified the task force. The M30 tablet found after the strip search appeared

identical to the ten tablets delivered after the controlled buy. Testing confirmed the tablet also contained fentanyl.

The State charged Moore by trial information with four counts: count I, delivery of fentanyl in violation of Iowa Code section 124.401(1)(c)(10) (2023); count II, introduction of contraband into a correctional facility in violation of Iowa Code section 719.7(3)(a); count III, possession of marijuana in violation of Iowa Code section 124.401(5); and count IV, interference with official acts in violation of Iowa Code section 719.1(1)(b). A jury convicted Moore of counts II–IV.

Moore filed a motion for new trial, arguing in part that evidence presented failed to support the jury's guilty verdict on the introduction of contraband into a correctional facility. The State resisted, and the district court denied Moore's motion. Moore appeals.[1]

## II.    Issue on Appeal

Moore's appellate briefing conflates language relevant to a motion for new trial brought under a weight-of-the-evidence standard and that relevant to a motion for new trial brought under a sufficiency-of-the-evidence standard. These are not the same. *See State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

Our appellate rules require an appellant to be specific in identifying the claim or claims raised on appeal. *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018). "[T]he requirement is one of fairness and does not value form over substance. Instead, it seeks to put the parties and the court on the same page so the claim of error will be fully understood and addressed on appeal." *Id.*

---

[1] Moore does not challenge his convictions for possession of marijuana and interference with official acts.

Moore states the issue presented for appellate review is whether "the trial court erred in not granting a new trial because the weight of *the evidence does not establish that a fentanyl pill found in the Dubuque County Jail belonged to the defendant*." (Emphasis added.) As this issue statement indicates and as Moore's stated standard of review and conclusion implies, Moore is challenging the sufficiency of evidence.[2] *Compare State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (explaining how, on a sufficiency-of-the-evidence challenge, appellate courts determine whether a jury verdict is adequately supported by the evidence), *with Ary*, 877 N.W.2d at 706 ("[A] motion for new trial brought under the weight-of-the-evidence standard essentially concedes the evidence adequately supports the jury verdict.").

Indeed, the substance of Moore's argument section is grounded on his denial that the tablet was his and his contention that the State presented no direct evidence of his possession. In essence, Moore's singular argument on appeal is that the State failed to present sufficient evidence to support the jury's guilty verdict; he does not include a separately numbered division with arguments that "the evidence preponderates heavily against the verdict rendered."[3] *See Ary,* 877

---

[2] Moore's statement of our standard of review provides our sufficiency-of-the-evidence standard. *See infra* section III.A. The conclusion of his appellant's brief begins, "It is clear, based on the substantial evidence standard, that the State failed to produce evidence sufficient to convince a rational factfinder that [Moore] was guilty of the charge of Introduction of Contraband into a Correctional Facility beyond a reasonable doubt."

[3] The subheading introducing Moore's "discussion" within his argument section includes his claim "the verdict was contrary to the weight of the evidence." But as explained, other than pointing to his testimony denying possession of the tablet, Moore does not actually argue the evidence conflicts with the verdict. *See Ary,* 877 N.W.2d at 706 (distinguishing between the issues raised in a sufficiency

N.W.2d at 706 (recognizing the only situation in which a court may grant a motion for new trial based on the weight of the evidence); *see also* Iowa R. App. P. 6.903(2)(a)(8) (requiring an appellant's brief to present "an argument section structured so that each issue raised on appeal is addressed in a separately numbered division").

For the reasons above, we disagree with the State's suggestion that Moore's "argument hangs on weight," not sufficiency, though we do not fault the State in its efforts to determine which issue was being raised. Nonetheless, the State addressed both potential claims of error. Because Moore argues only that the State failed to prove he introduced contraband to the correctional facility—not that the evidence presented preponderates heavily against the guilty verdict—and because the State addressed the sufficiency issue, we determine the actual issue before us is Moore's challenge to the sufficiency of the evidence. *See Goode*, 920 N.W.2d at 524.

## III. Sufficiency of the Evidence

## A. Standard of Review

"We review the sufficiency of the evidence for correction of errors at law." *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). We must determine whether the jury's verdict is supported by substantial evidence. *Id.* "Substantial evidence exists when the evidence 'would convince a rational fact finder the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011)). "In determining whether the jury's verdict is

---

challenge and those raised in a weight-of-the-evidence challenge). He argues that the evidence does not support the verdict.

supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Crawford*, 972 N.W.2d at 202 (quoting *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017)).

**B.      Analysis**

To obtain a conviction for introduction of a controlled substance into a correctional facility, the State was required to prove that (1) on or about October 10, 2023, Moore knowingly possessed fentanyl, and (2) Moore introduced fentanyl into the Dubuque County Jail. Moore specifically challenges the possession element. He claims because the tablet was not found on his person, in his property, or even while he was in the room, the State could only prove possession through constructive possession.

Contrary to Moore's claim, actual possession may be shown even if the item was not on the defendant's person or in the defendant's property at the time it was found. *See, e.g.*, *State v. Vance*, 790 N.W.2d 775, 784–85 (Iowa 2010); *see also State v. Reed*, 875 N.W.2d 693, 705 n.5 (Iowa 2016) ("Actual possession requires proof of a defendant's physical possession of the drugs or firearms *at some point in time*." (emphasis added)). "Actual possession may be shown by direct or circumstantial evidence." *Vance*, 790 N.W.2d at 784.

Deputy Hafer and Deputy Simpson both testified that neither one saw a tablet on the ground before Moore was taken into the fingerprinting room. Deputy Simpson found the tablet on the floor of the fingerprinting room in which Deputy Hafer conducted the strip search of Moore, immediately after that search was completed. No one else entered the room between Deputy Hafer and Moore

leaving the room and Deputy Simpson discovering the tablet. The tablet matched in both substance and appearance the tablets received following the controlled buy, which targeted Moore as the distributor.[4] The jury saw the squad-car video footage showing Moore appearing to manipulate something in the small coin-pocket of his jeans—an "extremely common place for . . . people to keep drugs"—and making tucking motions in his genital area. Although Moore was given a pat-down search multiple times before being brought to the jail's law center, officers explained that searches in public are limited due to privacy reasons and that "even with the best pat-down, . . . you can miss smaller objects." Corroborating this, the jury saw how even after one pat-down officers failed to uncover a baggie of marijuana in Moore's pants, which was larger than the small M30 tablet found on the fingerprinting room floor.

Given this evidence, a reasonable jury could infer that Moore hid the small fentanyl tablet in his clothing or on his person, that officers overlooked the tablet during the pat-down searches performed on-site, and that the tablet dislodged from its hiding place during the strip search at the jail's law center. We are not persuaded by Moore's statement that "It is absurd to believe that [Deputy Hafer] hung up [Moore's] clothes and did not see the [tablet] fall at that time and did not see it fall before [Moore] was escorted out of the room." Indeed, Deputy Simpson testified that it would not surprise him if, "at that point in time," Deputy Hafer did not notice the tablet on the floor when he left the room.

---

[4] The jury did not convict Moore on the delivery-of-fentanyl charge related to the controlled buy. Regardless, the jury heard evidence about the controlled buy, the appearance and substance of the tablets procured in that operation, and the consistencies between those tablets and the tablet found on the floor.

In sum, substantial evidence exists for a rational jury to find that Moore was in actual possession of the tablet immediately before the strip search. Though Moore does not challenge the second element of the introduction of contraband charge directly, we observe that the above evidence is also sufficient for a jury to determine Moore introduced the fentanyl tablet to the Law Center of the Dubuque County Jail. Accordingly, Moore's challenge to the sufficiency of the evidence is unsuccessful.[5]

**AFFIRMED.**

Carr, S.J., concurs; Buller, J., specially concurs.

---

[5] Even if we were to consider Moore's argument a challenge to the district court's denial of his motion for new trial under a weight-of-the-evidence standard, Moore's appeal would not succeed. "We review a trial court's ruling on a motion for new trial for an abuse of discretion." *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). Trial courts have "considerable discretion when determining a motion for new trial under the weight-of-the-evidence test." *Id.* But a court should grant a motion for new trial only "where 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *Id.* (quoting *State v. Ellis*, 578 N.W.2d 655, 658 (Iowa 1998)). The weight of the evidence supported the jury's finding that Moore possessed the fentanyl tablet and introduced it to the Dubuque County Jail. Moore's insistence that the tablet was not his, without pointing us to "'a greater amount of credible evidence' [to] suggest[] the verdict rendered was a miscarriage of justice," does not convince us otherwise. *Ary*, 877 N.W.2d at 706 (quoting *Ellis*, 578 N.W.2d at 658–59). Accordingly, we conclude the district court did not abuse its discretion by denying Moore's motion for a new trial.

**BULLER, Judge** (specially concurring).

I join the majority to affirm Derrick Moore's convictions. But I write separately to address the recurring issue of criminal appellants conflating motions for new trial and motions for judgment of acquittal. These have been governed by different standards for nearly thirty years. *See State v. Ellis*, 578 N.W.2d 655, 656–58 (Iowa 1998).

As the majority spells out, this appellant's brief was a mess. The issue statement, as well as the standard-of-review, error-preservation, argument, and conclusion sections, all confuse motions for new trial and motions for judgment of acquittal. We see this defect often. *See, e.g.*, *State v. Thiel*, No. 22-1293, 2024 WL 111774, at *7 (Iowa Ct. App. Jan. 10, 2024) ("[a]ssuming without deciding" we could reach the issue based on similar confusion); *State v. Davis*, No. 22-1414, 2023 WL 6291570, at *6 (Iowa Ct. App. Sept. 27, 2023) (finding a weight challenge waived when appellant's brief mixed up the standards and failed to develop argument); *State v. Rivers*, No. 18-0365, 2019 WL 2150807, at *1 n.2 (Iowa Ct. App. May 15, 2019) (reiterating these are "free-standing substantive argument[s]" that require more than "boilerplate citations to legal authorities").

The majority generously construes Moore's brief as raising a sufficiency challenge. I do not think either our court or an appellee should be left guessing as to what issues are raised on appeal. If we cannot readily discern what issues are raised, we should deem them waived. *See* Iowa R. App. P. 6.903(2)(a)(8)(3); *Inghram v. Dairyland Mut. Ins.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."). I

would not have reached the merits here, though I do not disagree with the majority's analysis had the issue been properly raised.